## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ALLEN ENGLISH, | ) | |
|     ID # 1787475, | ) | |
|         Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-1134-C (BH) |
| | ) | |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice Correctional Institutions Division, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

### I.  BACKGROUND

John Allen English (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Lorie Davis, Director of TDCJ-CID.

After pleading not guilty, Petitioner was convicted by a jury of manslaughter and aggravated assault, and he received 40-year sentences on October 6, 2014, in Cause No. 32068CC in the County Court at Law in Kaufman, Texas.  (*See* doc. 3 at 2-3[1].)  His appeal was dismissed for lack of jurisdiction, because the notice of appeal was untimely.  (*See id*. at 3); *English v. State*, No. 05-15-00618-CR, 2015 WL 2394106 (Tex. App. – Dallas May 18, 2015).  He did not file a petition for discretionary review.  (*See* doc. 3 at 3); *see also* www.txcourts.gov (search for Petitioner).  He filed

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

a state application for writ of habeas corpus (doc.3 at 3-4), and public records show it was signed on August 17, 2015, and received by the state court on August 26, 2015. *See* www.kaufmancounty.org (search for petitioner). It was denied without written order on June 22, 2016). (*See* doc. 3 at 4); *see Ex parte English*, WR-83,971-01 (Tex. Crim. App. June 22, 2016). He filed a petition for writ of mandamus in December 2016, which was denied on March 1, 2017. (*See* doc. 3 at 4); *In re English*, WR-83,971-02 (Tex. Crim. App. Mar. 1, 2017).

Petitioner's federal habeas petition, received on April 28, 2017, states that it was placed in the prison mail on April 26, 2017. (*See id*. at 19.) It raises the following claims: (1) the State destroyed the vehicles that were involved in the collision that was the basis of the offenses; (2) the State used false testimony; (3) the evidence was insufficient and Petitioner was factually innocent; and (4) counsel was ineffective for failing to ask questions of some witnesses, argue certain points to the jury, and object to the State's argument regarding Petitioner's failure to testify. (*See* doc. 3 at 6-16.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

### A. <u>Calculation of One-Year Period</u>

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner contends that the State interfered with his access to the trial transcripts. (*See* doc. 3 at 18.) Problems with obtaining trial transcripts are not sufficient to establish a state created impediment for purposes of subsection (B), however. *See Moore v. Thaler*, No. 3:09-CV-2177-O, 2010 WL 1142019 at *2 (N.D. Tex. Feb. 26, 2010), *recommendation adopted*, 2010 WL 1142018 (N.D. Tex. Mar. 24, 2010) (limitations periods is not tolled where prisoner is unable to obtain a free transcript; problems associated with obtaining a transcript does not amount to a state created impediment). The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final, so the one-year statute of limitations is calculated from the date his conviction became final.

Petitioner was sentenced on October 6, 2014, and his notice of appeal was due thirty days later. *English*, 2015 WL 2394106 at 1. His notice of appeal filed on May 14, 2015, was untimely. The appeal was dismissed for lack of jurisdiction because of the untimely notice of appeal. *Id.* His state conviction therefore became final for purposes of § 2244(d) on November 5, 2014, by the

3

expiration of the thirty-day period for filing a notice of appeal. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (where the notice of appeal was untimely, the judgment became final when the time to appeal expired); *Gonzales v. Stephens*, No. 4:14-CV-17, 2014 WL 6879047 (N.D. Tex. Dec. 5, 2014) (same). The one-year limitations period ended on November 5, 2015. Petitioner filed his § 2254 petition on April 26, 2017, the date it was mailed. A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on August 17, 2015, and it was denied on June 22, 2016. The limitations period was tolled for 311 days while that application was pending, which made the § 2254 petition due no later than September 11, 2016. The petition for writ of mandamus filed in December 2016 did not toll the limitations period because it was filed after the statute of limitations expired. Moreover, a petition for writ of mandamus is not post-conviction or other collateral review and does not toll the limitations period. *See Kelley v. Stephens*, No. 3:15-CV-2000-D, 2015 WL 10372434 at *2 (N.D. Tex. Dec. 10, 2015) (citing *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002), *recommendation adopted*, 2016 WL 728812 (N.D. Tex. Feb. 24, 2016); *Carr v. Dretke*, No. 5:03-CV-330-C, 2004 WL 2041938 at *3 (N.D. Tex. Sept. 10, 2004); *see also Board of Pardons and Paroles ex rel. Keene v. Court of Appeals For the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final conviction."). The statutory tolling provision does not save this petition.

4

C.    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the

statute of limitations.

**D.    Actual Innocence**

Petitioner asserts that the evidence was insufficient and that he is factually innocent. (*See* doc. 3 at 11-13.) In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 1928, 1935.

Petitioner relies on evidence at trial or that was available at trial to support his claim of insufficient evidence and factual innocence. He is not entitled to equitable tolling based on actual innocence because his claim is not based on new evidence.

## III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 29th day of June, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE