IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN ALLEN ENGLISH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LORIE DAVIS, Director, Texas )<br>Department of Criminal Justice )<br>Correctional Institutions Division, )<br>)<br>Respondent. ) | Civil Action No. 3:17-CV-1134-C |

## ORDER

On this day the Court considered the Petition for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner, John Allen English, on April 26, 2017. The Respondent has not yet been served or cited to appear. On June 29, 2017, the United States Magistrate Judge entered her Findings, Conclusions, and Recommendation advising that English's § 2254 petition be denied as barred by the statute of limitations.

English filed written objections to the Findings, Conclusions, and Recommendation on July 13, 2017.[1] English raises two objections: (1) that the Magistrate Judge incorrectly calculated the one-year limitations period in a manner inconsistent with *Carey v. Saffold*, 536 U.S. 214 (2002); and (2) that his claim of "factual innocence" entitles him to equitable tolling. Having considered these objections and conducted a *de novo* review of the Findings, Conclusions, and

---

[1] Like his § 2254 petition, the Court construes the filing date of the objections as the date that English declares he deposited them in the prison mail system.

Recommendation, the Court is of the opinion that English's reliance on *Carey* is misplaced and that the Magistrate Judge correctly determined that English's claims are barred by limitations.[2] *See, e.g., Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). The Court is further of the opinion that English has failed to show that he is entitled to any sort of tolling for the reasons thoroughly stated by the Magistrate Judge. The objections are **OVERRULED**.

Therefore, it is **ORDERED** that the findings and conclusions in the Magistrate Judge's Findings, Conclusions, and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court and English's § 2254 petition is **DENIED** and **DISMISSED** as time-barred for the reasons stated therein.

SO ORDERED this 14th day of August, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Magistrate Judge did make an insignificant calculation error in stating that English's § 2254 petition was due no later than September 11, 2016. Because this date fell on a Sunday, the petition would technically have been due by September 12, 2016. But this is ultimately irrelevant and unhelpful to English because English's petition was still filed more than seven months late.